IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALAN LYDELL MEADOWS, )
)
Plaintiff, )
)
v. ) 1:14CV436
)
SHIRLEY BROWN, )
)
Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Alan Lydell Meadows, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names Shirley Brown, a nurse at the prison where he is housed, as the only Defendant in this case. He alleges that Defendant failed to weigh him or check his vital signs on March 31, 2014, when he began a hunger strike. On April 1, 2014, she did ask him certain medical questions, but did not check his vital signs and weight even after he told her that he had not eaten or taken his seizure or blood pressure medication in five days. Plaintiff seeks $1020.00 in damages based on these allegations. Plaintiff raised these or similar allegations in an earlier Complaint, which was dismissed without prejudice. The Court noted then that his allegations did not appear to state any claim for relief, but Plaintiff persists in raising them.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint.

28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As stated above, Plaintiff claims that Defendant failed to weigh him on the first day she was notified that he was on a hunger strike and only asked him medical questions, rather than checking his vital signs, after discovering that he had not eaten or taken his seizure and blood pressure medication in five days. An initial problem for Plaintiff is that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injury, only that Defendant did not follow procedures or provide what Plaintiff feels was an appropriate medical evaluation. Any injury would be mental or emotional in nature. Therefore, Plaintiff's claim for compensatory damages, the only relief he requests, is barred.

Further, the facts alleged by Plaintiff are not sufficient to state a claim in any event. Plaintiff alleges insufficient medical treatment. To state a claim based on improper medical treatment under § 1983, a plaintiff must allege that the defendants were deliberately indifferent to a serious medical need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Here, Plaintiff does not allege facts demonstrating a serious medical need. He alleges that, by his own choice, he did not eat or receive his seizure and blood pressure medication for five days. However, he does not claim that this caused him any sort of serious injury, illness, or ill effects which needed medical treatment or attention at

the time Defendant evaluated him. Plaintiff's real contention is that he disagreed with Defendant's assessment of the level of medical evaluation needed when she spoke to him.[2] However, Plaintiff's disagreement with the course of treatment does not support a claim under § 1983. Jackson v. Sampson, 536 F. App'x. 356, at *1 (4th Cir. July 30, 2013) (unpublished), citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Also, a hunger strike, even with the expected negative symptoms associated with not eating for several days, is not sufficient to show a serious medical need. Green v. Phillips, No. 04 Civ. 10202(TPG), 2006 WL 846272, at *5 (S.D.N.Y. Mar., 31, 2006) (unpublished) (dismissing a claim that prison nurses failed to weigh a prisoner who had not eaten in seventy-two hours due to a hunger strike and was suffering "'headaches, sweating, confusion, disorientation, weakness, hypotension and tremors'"). Because Plaintiff cannot state a claim for relief, this action should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. However, it appears that Plaintiff has no funds with which to make any initial payment. Therefore, no initial payment will

---

[2] It is not clear, but Plaintiff may also be alleging that Defendant's actions violated a prison policy or procedure for evaluating prisoners engaging in a hunger strike. If so, the mere violation of a prison policy does not equate to a violation of the United States Constitution. This is particularly true where, as here, a plaintiff alleges no serious medical need and no actual injury of any sort. Collins v. Burl, No. 2-11-cv-40-DPM-BD, 2013 WL 6195748, at *4 (E.D. Ark. Nov. 26, 2013) (unpublished).

be ordered, but payments will be deducted from Plaintiff's prison trust account if Plaintiff obtains sufficient funds.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 6th day of June, 2014.

Joe L. Webster
United States Magistrate Judge